■ In the Matter of Onicka Thompson-Fleming, Appellant, v Mark Fleming, Respondent. [7 NYS3d 603]—

Appeal from an order of the Family Court, Kings County (Michael A. Ambrosio, J.), dated February 10, 2014. The order, insofar as appealed from, denied the mother's objection to so much of an order of the same court (Kathryn A. Baur, S.M.), dated September 18, 2013, as, after a hearing, directed the father to pay child support in the sum of only $535 biweekly.

Ordered that the order dated February 10, 2014, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the mother's objection to the order dated September 18, 2013, directing the father to pay child support in the sum of $535 bi-weekly is granted, and the matter is remitted to the Family Court, Kings County, for a recalculation of the father's income and child support obligation in accordance herewith; and it is further,

Ordered that in the interim, the father shall continue to pay the mother the sum of $535 biweekly in child support.

The Family Court's award of child support was based upon, inter alia, the Support Magistrate's calculation of the father's annual income. In calculating the father's income, the Support Magistrate apparently relied upon the year-to-date figures on a pay stub for a two-week period ending on July 13, 2013, but failed to take into account that the father began his employment on March 28, 2013. Under these circumstances, the Support Magistrate should have taken the pay stub's pay period figure and multiplied that figure by 26 to determine the father's annual income, rather than rely upon the year-to-date figure. Since the Support Magistrate miscalculated the father's income in determining the father's child support obligation, the Family Court should have granted the mother's objection and recalculated the father's income. Therefore, we remit the matter to the Family Court, Kings County, to recalculate the father's annual income and his child support obligation in accordance herewith. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.